**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                  **CASE NO: 6:15-cr-141-Orl-31GJK**

**ROBERT GONZALEZ**

**ORDER**

On August 19, 2016, following a four-day trial, the jury found Defendant Robert Gonzalez guilty of a conspiracy to manufacture, distribute, and possess with intent to distribute a controlled substance (anabolic steroids) and money laundering. (Doc. 626).  On September 6, 2016, Defendant filed a timely Motion for New Trial (Doc. 629).  The government opposes the motion. (Doc. 645).

Defendant's motion claims that he did not receive a fair trial based on the testimony of Dawn Murray, a defense witness—and, specifically, the AUSA's cross-examination of Ms. Murray.  On direct examination, Ms. Murray testified that she spent a lot of time at Defendant's house, working with him as a forensic computer specialist on her son's case, which was then pending in federal court.  Her testimony on direct was basically insignificant, except that she said she never heard Defendant mention steroids.  (Doc. 633 at 99).  On cross-examination, the AUSA sought to impeach Ms. Murray as harboring a bias against the government for its successful prosecution of her son.  In this regard, the AUSA elicited testimony from Ms. Murray that Defendant had filed an affidavit with the court in her son's case that was rejected by the court (Judge Conway).  Defense counsel objected to that question (*id.* at 103) and now claims that

Defendant did not receive a fair trial because the testimony elicited during Ms. Murray's cross-examination implied a judicial finding of wrongdoing by Defendant in an unrelated case.

The cross-examination of Ms. Murray as to her bias against the United States for prosecuting her son was not improper, and contrary to Defendant's argument, the cross-examination did not accuse Defendant of "wrongdoing;" rather, the Court's rejection of Defendant's affidavit was simply based on its relevance to the proceeding. (Doc. 633 at 103-105). In sum, this brief exchange between Ms. Murray and the AUSA was harmless and rather trivial in the context of the whole trial.

Pursuant to Fed.R.Crim.P. 33, the Court may grant a new trial if the interest of justice so requires. The evidence against Defendant was substantial and the alleged error concerning the cross-examination of Ms. Murray was insignificant. Justice does not require a new trial in this case. It is, therefore

**ORDERED** that Defendant's Motion for New Trial is hereby DENIED.

**DONE** and **ORDERED** in Orlando, Florida on October 13, 2016.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant